|2LeBLANC, Judge.
In this appeal, we are called on to determine whether an assistant district attorney, acting' within the course and scope of his responsibilities in a criminal proceeding, is entitled to absolute immunity from a subsequent civil suit for damages.
James Fine,[1] plaintiff, was convicted of second degree murder and sentenced to life in prison. In 1993, Fine applied for clemency to the Louisiana Board of Pardons. Pursuant to La. R.S. 15:572.4 and 574,[2] the district attorney for the 16th Judicial District was' notified and given the opportunity to be heard. In response to this notification, Walter J. Senette, Jr., an assistant district attorney for the 16th Judicial District, advised the board that the mother of the victim was “pressured” by Fine’s family to support Fine’s request for clemency. The board ultimately denied Fine’s ^request. Fine filed suit against Senette seeking damages, alleging Senette knowingly provided false information to the board. Senette filed a motion for summary judgment, seeking dismissal of Fine’s suit. Senette’s summary judgment was granted, and Fine appeals.
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment. La. C.C.P. art. 966A(1). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except *1265 those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966A(2). The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966B.
Senette asserts he is entitled to summary judgment based upon his absolute immunity from suit. He cites as authority Knapper v. Connick, 96-0434 (L a. 10/15/96); 681 So.2d 944. In Knapper, our supreme court held an assistant district attorney was entitled to absolute immunity in a malicious prosecution action that arose from his failure to turn over to the defendant allegedly exculpatory information. Knapper v. Connick, 96-0434 at 10-11; 681 So.2d at 950. The court applied a “functional analysis” of the role of the prosecutor in determining which type of immunity was available, either absolute or qualified. Knapper v. Connick, 96-0434 at 10; 681 So.2d at 950. “[WJhen the activities complained of fall within the scope of the prosecutor’s role as an advocate for the state and are intimately associated with the conduct of the judicial phase of the criminal process,” absolute immunity is appropriate. Id.
In the instant case, the assistant district attorney’s response to the statutorily required notice of Fine’s request for clemency is the conduct complained of. In Quartararo v. Catterson, 917 F.Supp. 919, 953 (E.D.N.Y.1996), the prosecutor’s transmission of information to parole authorities was found to be “intimately associated with the judicial phase of the criminal process” and was entitled to absolute immunity. We, also, hold the requisite communications between the prosecutor and clemency authorities, as a portion of the sentencing process, are within the scope of the prosecutor’s role as an advocate for the state and are entitled to absolute immunity. The trial court correctly granted Senette’s motion for summary judgment.
For the above reasons, the judgment of the trial eourt is affirmed. All costs of this proceeding are to be paid by James Fine.
AFFIRMED.

. Our statement of the facts in this case is taken from briefs filed in this court. However, the facts are not disputed by the parties.

. Prior to its amendment in 1997, La. R.S. 15:572.4B provides:
(1) Before considering the application for pardon of any person the board shall give written notice of tlje date and time at which the application will be heard and considered, at least thirty days prior to the hearing, to the following:
(a) The district attorney and sheriff of the parish in which the applicant was convicted.
(b) The applicant.
(c) A victim who has been physically or psychologically injured by the applicant, and the victim's -spouse or next,of kin, unless the injured victim or his spouse or next of kin advises the board in writing that such notification is not desired.
(d) The spouse or next of kin of a deceased victim when the offender responsible for the death is the applicant, unless the spouse or next.of kin advises the board in writing that such notification is not desired.
(e) Any other interested persons.
(2) The district attorney, injured victim, spouse or next of kin, and any other persons who desire to do so shall be given a reasonable opportunity to attend the meeting and be heard.
Before 1997, La. R.S. 15:574 provided:
The board of pardons may adopt for its governance such rules as they may deem proper, not contrary to law; provided that the board shall not take up for consideration any application for a pardon, until the district attorney of the parish in which the person applying for the pardon shall have been convicted, shall have been notified and shall have had ample opportunity to attend the session at which said application shall be considered.